UNITED STATES

v.

Private First Class Jerry W. VAUGHAN, 246–92–1375, U.S. Army, Company B, 1st Battalion (Airborne), 508th Infantry, 82d Airborne Division, Fort Bragg, North Carolina 28307.

SPCM 11698.

U. S. Army Court of Military Review.

Sentence Adjudged 29 Sept. 1975.

Decided 23 March 1976.

Appellate Counsel for the Accused: CPT Leslie Wm. Adams, JAGC; CPT John C. Carr, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Regis J. McCoy, JAGC; CPT John F. DePue, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

Before JONES, Senior Judge and O'DONNELL and COSTELLO, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

The appellant was initially charged with possessing a "habit forming narcotic drug, to wit: LSD '49 hits'" in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. During the course of the trial the specification was amended, over the objection of the appellant, to allege possession of a "controlled substance to wit: 49 microdots of Lysergic Acid Diethylimide in violation of the Comprehensive Drug Abuse and Control Act of 1970, Title 21, United States Code, Section 841a."

The appellant maintains that the original specification failed to state an offense because LSD is not a habit forming narcotic and its possession is not chargeable under

the first or second clause of the general article. Since the specification was amended over defense objection to allege an offense under a different clause of Article 134, appellant contends that he was tried over his objection on unsworn charges, contrary to the provisions of paragraph 29e, Manual for Courts-Martial, United States, 1969 (Revised edition).

We agree with appellant's contention that LSD is not a habit forming narcotic, but we disagree that the original specification did not state an offense. We consider the possession of LSD to be similar to the possession of amphetamines insofar as measuring whether such possession amounts to an offense under the first or second clause of Article 134. Both LSD and amphetamines are harmful and adversely affect the health, morale, and fitness of servicemen.

■ To paraphrase this Court's opinion in *United States v. Martin*, 50 C.M.R. 314 (A.C.M.R.1975), aff'd on other grounds, 23 U.S.C.M.A. 476, 50 C.M.R. 495, 1 M.J. 75 (1975), we believe the unauthorized possession of LSD may be so directly and palpably prejudicial to good order and discipline and so service discrediting as to fall within the ambit of the first and second clauses of the general article. *Cf. United States v. Caballero*, 23 U.S.C.M.A. 304, 49 C.M.R. 594 (1975); *United States v. Beeker*, 18 U.S.C. M.A. 563, 40 C.M.R. 275 (1969). We are mindful, as we stated in *Martin*, that the *Manual* contains no form specification for the wrongful possession of LSD and no maximum punishment is listed for that offense. However, these factors are overshadowed by the destructive force this drug could have on the armed services. The inclusion of the phrase "habit forming narcotic drug" did not render the specification a nullity but only incorrectly classified the substance that was the subject of the offense.

■ As we conclude that the possession of LSD is an offense under the first or second clause of Article 134, and therefore the original specification stated an offense, we must now determine if the amendment was proper. We conclude that it was. The nature of the offense was not changed; the appellant was not misled or impeded in preparing his defense; and the appellant is protected against a further prosecution for that offense. Paragraph 69b and 87a(2), MCM, 1969 (Rev.)

■ Section 841(a) of Title 21, United States Code, the statute appellant was charged with violating under the amended specification, prohibits the possession of LSD with intent to manufacture, distribute, or dispense the controlled substance. The amended specification, however, did not contain an allegation regarding intent and the military judge in his providency inquiry did not mention the element of intent. Therefore an offense under Section 841(a) was not alleged nor was the guilty plea provident as to that offense. What was alleged, inquired into, found to be provident, and intended by the parties as the offense involved was the simple possession of LSD, a violation of Section 844(a), of Title 21. We will correct the error and cure any prejudice by affirming only a violation of the latter section.

Only so much of the findings of guilty of the charge and its specification as finds that the appellant at the time and place alleged wrongfully and unlawfully possessed a controlled substance, 49 microdots of Lysergic Acid Diethylimide, in violation of Section 844(a) of Title 21, United States Code, in further violation of Article 134, Uniform Code of Military Justice, are affirmed. The sentence is affirmed.