**UNITED STATES, Appellee,**

v.

**Specialist Five James R. LOGAN, SSN 568–98–4377, United States Army, Appellant.**

**CM 440974.**

U. S. Army Court of Military Review.

21 May 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Robert C. Rhodes, JAGC, and Captain John Lukjanowicz, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Rexford T. Bragaw, III, JAGC, Captain Eugene R. Milhizer, JAGC, and Captain David A. Brown, JAGC, were on the pleadings for appellee.

Before CARNE, Senior Judge, and O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted, in accordance with his pleas of guilty, of stealing four bottles of Talwin tablets containing 100 tablets each, as well as wrongful possession and wrongful sale of the Talwin tablets, in violation of Articles 121 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 892 (1976). He was sentenced to confinement at hard labor for one year, total forfeitures, reduction to Private E–1, and a dishonorable discharge. The convening authority approved a dishonorable discharge, forfeiture of $250.00 pay per month for nine months, confinement at hard labor for nine months, and reduction to Private E–1.

The appellant contends that the military judge erred by permitting the trial counsel to amend Charge II and its specifications. The specifications of Charge II originally described Talwin as a habit forming narcotic drug and alleged violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The military judge rejected the appellant's proffered guilty pleas because he was not satisfied that Talwin is a habit forming narcotic drug. The military judge then allowed the trial counsel to amend the specifications to allege that Talwin is a dangerous drug and that possession and sale were violations of an army regulation * and thereby a violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The defense objected on the ground that the amendment added new allegations which had not been sworn. After the military judge overruled the defense objection the appellant entered pleas of guilty to the amended specifications.

We hold that the amendments in this case did not change the specifications sufficiently to require reswearing. The essence of the original specifications was to allege possession and sale of Talwin. The amendments did not change these essential allegations but merely corrected the description of Talwin and added a reference to the Army Regulation declaring such possession and sale to be unlawful. *See United States v. Vaughan*, 2 M.J. 797, 798 (ACMR 1976). Furthermore, we hold that, even if the amendments were so substantial as to require that the charges be resworn, the appellant's subsequent guilty pleas to the amended specifications waived the defect. *See United States v. Schmidt*, 16 U.S.C.

---

* Army Regulation 600–50, Personnel-General, Standards of Conduct for Department of the Army Personnel, 20 October 1977.

M.A. 200, 204, 36 C.M.R. 356, 360 (1966) ("plea of guilty constitutes a waiver of irregularities of procedure antecedent to the plea"); *United States v. Smith*, 8 U.S.C. M.A. 178, 183, 23 C.M.R. 402, 407 (1957) (unsworn amended charge is a procedural defect which may be waived).

■ The appellant contends that the military judge erred by permitting the trial counsel to present evidence that the appellant took only Talwin from the hospital drug vault but left other controlled drugs, and that Talwin was commonly used by "junkies" as a heroin substitute. We believe that the evidence was properly received. In a guilty plea case the prosecution may introduce evidence "as to any aggravating circumstances." Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 75*b*(3). Since the appellant pleaded guilty to stealing, possessing and selling a "dangerous" drug, the characteristics of which are not well known, we believe that it was proper for the trial counsel to show that the drug was a dangerous heroin substitute and that the appellant was aware of its dangerous character when he stole it and sold it. *See United States v. Corl*, 6 M.J. 914 (NCMR), *aff'd on other grounds*, 8 M.J. 47 (CMA 1979).

■ The appellant contends that the larceny and possession of Talwin should have been considered multiplicious for both findings and sentence. We hold that the larceny is a separate offense for both findings and sentence. *See United States v. Smith*, 17 U.S.C.M.A. 55, 37 C.M.R. 319 (1967); *United States v. Howe*, 18 C.M.R. 463 (CGBR 1955). However, under the facts of this case, the possession and sale of Talwin should have been considered multiplicious for sentencing. *United States v. Smith*, 1 M.J. 260 (CMA 1976); *United States v. Towns*, 22 U.S.C.M.A. 600, 48 C.M.R. 224 (1974). Accordingly, we hold that the military judge erred by instructing the court members that the maximum confinement was six years instead of four.

After findings the trial counsel introduced evidence that the appellant had received nonjudicial punishment for possession of hashish and marihuana shortly before the larceny. The trial counsel then called the appellant's supervisor, who testified that the appellant had told her that he had stolen the drugs because he had been treated unfairly, apparently referring to the nonjudicial punishment. On cross-examination, the defense counsel reinforced the evidence that the appellant believed he had been treated unfairly. In rebuttal the trial counsel then called a CID agent who testified, over defense objection, that the nonjudicial punishment was imposed after the appellant had sold hashish to a covert CID agent, that the appellant had reenlisted shortly after the sale of hashish, and that the appellant had marihuana and hashish in his possession when he was apprehended for the sale of hashish. The CID agent further testified that the appellant was punished only for his possession of marihuana and hashish since prosecution for the sale was barred by the intervening reenlistment. In argument the trial counsel pointed out to the court members that the appellant "sold hashish to the CID, but because he reenlisted before his apprehension jurisdiction was lost."

■ We hold that the testimony regarding the appellant's prior sale of hashish should not have been admitted. The military judge admitted the evidence as rebuttal to appellant's assertion that he was unfairly punished. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 75e. However, the evidence that the appellant believed he had been treated unfairly was first introduced by the government, not the defense. Having introduced the evidence of appellant's motive for the larceny, the government was not thereafter entitled to rebut that evidence by proving specific acts of uncharged misconduct.

■ The effect of the erroneously admitted evidence was to inform the court members that, in addition to the offenses which were properly before the court, the appellant also had sold hashish and had escaped punishment because of a legal technicality.

This error combined with the erroneous instruction on the maximum imposable punishment requires reassessment of the sentence.

We have considered the other errors assigned by appellant and find them without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $250.00 per month for six months, and reduction to Private E–1.

Senior Judge CARNE and Judge O'DON-NELL concur.