UNITED STATES

v.

**Staff Sergeant James M. STARK, FR 009–44–1759 United States Air Force.**

**ACM S26086.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 April 1983.

Decided 18 Nov. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain Conrad C. Baldwin, Jr., and Colonel Anthony C. Vance, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

DECISION

MILLER, Judge:

Tried before a special court-martial, military judge sitting alone, the accused was convicted pursuant to his pleas of possessing, distributing, and using marihuana in violation of U.C.M.J., Article 134, 10 U.S.C. § 934. His approved sentence consists of a bad conduct discharge, confinement at hard

labor for 75 days, and reduction to airman first class.

We address but one of three errors * assigned by appellate defense counsel, to wit: THE JUDGE ERRED IN PERMITTING REBUTTAL TESTIMONY WHICH INTRODUCED UNCHARGED MISCONDUCT DURING THE SENTENCING PHASE.

Following findings, the accused, during the sentencing portion of his trial, introduced substantial evidence concerning the quality of his duty performance. Included among the documentary evidence (covering his entire period of military service) that he introduced pertaining to this subject was an outstanding Airman Performance Report covering the period from 9 October 81 to 6 July 82 and a certificate of training dated 24 June 82. Additionally, he provided the following testimonial descriptions of his duty performance during the time periods and by the individuals as indicated:

| Description of duty performance: | During period of: | Provided by testimony of: |
|---|---|---|
| Excellent | From prior to Christmas 82 until present | SSGT – Assistant NCOIC of accused's section. |
| Excellent | Unspecified | MSGT – NCOIC of accused's section. |
| Outstanding | May – Dec 82 | SSGT – Accused's duty supervisor. |
| Average to Outstanding | Jan 81 – Dec 82 | CMSGT – Superintendent of accused's duty branch. |
| Outstanding; Professional | Oct 80 – Oct 81 | SSGT – Accused's duty supervisor. |

The government called a co-worker of the accused to rebut these descriptions of the accused's duty performance. The witness testified that he and the accused used marihuana on duty numerous times during a period extending from fall 1981 until December 1982.

Citing Military Rule of Evidence 404(b), appellate defense counsel imply that un-

charged duty misconduct is inadmissible for the purpose of rebutting such glowing descriptions of duty performance. Then, citing Mil.R.Evid. 401, they assert that "the rebuttal evidence submitted by the government was not ... relevant."

We disagree with both assertions.

Mil.R.Evid. 404 governs admissibility of evidence *on the merits* relating to *individual character traits,* not admissibility of evidence *during sentencing* that relates to *character of an accused's duty performance.* The second sentence of Mil.R.Evid. 404(b) merely provides examples of purposes, other than proof of individual character traits, for which evidence of uncharged misconduct may be properly admitted. The listing is not intended to be exhaustive. *United States v. Dicupe,* 14 M.J. 915 (A.F.C.M.R. 1982); *United States v. Johnson,* 634 F.2d 735 (4th Cir.1980).

It is M.C.M.1969 (Rev.), paragraph 75 that governs admissibility of evidence relating to the character of an accused's duty performance during sentencing portions of trials.

*a. General.*

(1) *Procedure.* After findings of guilty have been announced, the prosecution and defense may present appropriate matter to aid the court in determining an appropriate sentence.

\*     \*     \*     \*     \*     \*

*c. Matter to be presented by the defense.*

(1) *In general.* The defense ... may present matters in extenuation and mitigation regardless of whether the defense offered evidence before findings.

\*     \*     \*     \*     \*     \*

(b) *Matter in mitigation.* Matter in mitigation of an offense is introduced to less-

---

\* The remaining errors related to allegations that (1) possession of drugs is multiplicious for findings purposes with use and/or distribution of drugs and (2) a letter of reprimand issued shortly after preferral of charges, relating to misconduct that occurred just prior to preferral, was improperly admitted at trial. These issues have been resolved adversely to the accused in accordance with *United States v. Due-*

*nas,* 16 M.J. 416 (C.M.A.1983) (summary disposition), *United States v. Zickefoose,* ACMR 442196, memo. op. (A.C.M.R. 27 September 1982), *pet. granted,* 15 M.J. 177 (1983), *United States v. Logan,* 13 M.J. 821 (A.C.M.R.1982), *United States v. Couisnard,* 47 C.M.R. 765 (A.F.C.M.R.1973) and *United States v. Hagy,* 12 M.J. 739 (A.F.C.M.R.1981).

en the punishment to be adjudged by the court, or to furnish grounds for a recommendation for clemency. It includes ... evidence of the reputation or record of the accused in the service for efficiency, fidelity, temperance, courage, or any other trait that is desirable in a good servicemember.

\* \* \* \* \* \*

(3) *Rules of evidence relaxed.* The military judge ... may, with respect to matters in extenuation or mitigation or both, relax the rules of evidence. This may include receiving letters, affidavits, certificates of military and civil officers, and other writings of similar authenticity and reliability.

d. *Rebuttal and Surrebuttal.* The prosecution may present evidence to rebut evidence presented by the defense. The defense in surrebuttal may then rebut any rebuttal evidence offered by the prosecution. Rebuttal and surrebuttal may continue, subject to the discretion of the military judge.... The Military Rules of Evidence may be relaxed during rebuttal and surrebuttal to the same degree as in paragraph 75c(3).

M.C.M., paragraph 75.

■ In the instant case the accused, availing himself of the provisions of M.C.M., paragraphs 75a(1), 75c(1), 75c(1)(b), and 75 c(3), introduced mitigation evidence concerning his reputation for, and record of, duty performance in an effort to lessen the punishment that was to be adjudged against him. By doing so, he knowingly opened the door provided by M.C.M., paragraph 75d, allowing the Government to rebut by any relevant evidence the glowing description of duty performance that had been conveyed by the accused's mitigation evidence.

The obvious adverse effects upon duty performance attendant to marihuana usage while engaged in the same is indisputably relevant to character of duty performance. *See United States v. Trottier,* 9 M.J. 337, 345–348 (C.M.A.1980). *Ergo,* the government's rebuttal evidence of on duty marihuana usage was admissible for the limited purpose of rebutting otherwise mitigating evidence of outstanding duty performance. Had this court-martial been tried before members, an instruction to this effect would have been required. Here, in a judge alone trial, the military judge is presumed to have correctly applied this law.

Although not specifically raised by appellate defense counsel, we briefly discuss the applicability to this case of an issue upon which the United States Court of Military Appeals has granted a hearing in *United States v. Dicupe,* 16 M.J. 102 (C.M.A.1983) (Order Granting Petition for Review); to wit:

Whether the trial judge erred in admitting testimony concerning an unproven, speculative, nonconclusive, uncharged misconduct?

Initially, we note that, despite the apparently open-ended wording of this issue, it has been granted in a case dealing with the admissibility of uncharged misconduct introduced pursuant to Mil.R.Evid. 404(b) during the merits portion of a trial. Therefore, in all probability, the issue's scope is thus limited. Assuming, *arguendo,* however, that it is not so limited, we address the issue's applicability to the post-findings context of the instant case.

Certainly, the accused has not been convicted of the misconduct to which the government rebuttal witness in this case testified. And, admittedly, to the degree that the accused has not been convicted of this conduct by a court-martial's "beyond a reasonable doubt standard," the rebuttal witness' testimony is unproven, speculative, and nonconclusive.

■ But of equal certainty are the facts that (1) a trial court, under the relaxed evidentiary rules pertinent to the sentencing portion of a trial, may consider matters "helpful" to its determination of an appropriate sentence, which it may not consider under the "beyond a reasonable doubt" standard required during the merits portion of a trial, (2) the rebuttal testimony of the government witness, here, directly rebutted testimony presented by mitigation witness-

es that the accused's duty performance had been virtually flawless, and (3) the rebuttal assertion by the government's eye-witness regarding a flaw (albeit, one that involved uncharged misconduct) in the accused's duty performance, was no less unproven, speculative, or nonconclusive than were the contrary assertions of mitigation witnesses that his testimony rebutted.

*Ergo,* we are convinced that, regardless of what the eventual resolution of the *Dicupe* pre-findings issue may be, the uncharged misconduct admitted *in rebuttal* to the *post-findings sentencing mitigation evidence* of this case is properly admissible. *See* M.C.M., paragraph 76a (2); *United States v. Worley,* 19 U.S.C.M.A. 444, 42 C.M.R. 46 (1970); *United States v. Barfield,* 22 U.S.C.M.A. 321, 46 C.M.R. 321 (1973).

Having found no error prejudicial to the substantial rights of the accused, the approved findings of guilty and the sentence are

AFFIRMED.

HODGSON, Chief Judge, and FORAY, Senior Judge, concur.