**UNITED STATES**

**v.**

**Senior Airman Jimmy D. EVANS, FR 459–35–5164, United States Air Force.**

**ACM S27681.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 Oct. 1987.

Decided 19 Feb. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Henry J. Schweiter.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Jeffrey H. Curtis.

Before SESSOMS, LEWIS and BLOMMERS, Appellate Military Judges.

### DECISION

BLOMMERS, Judge:

At his special court-martial before a military judge sitting alone, the appellant, in accordance with his pleas, was convicted of wrongful possession of 5.29 grams of marijuana. He was sentenced to a bad conduct discharge, two months confinement, forfeiture of $250 pay per month for six months, and reduction to airman basic. The convening authority approved the sentence. Originally this case came before us with no averments of error. However, one evidentiary matter in the record concerns us. First, a brief statement of the facts.

On 12 September 1987, the appellant and two fellow service members drove from their base of assignment in Germany to Belgium to go sightseeing. Later that day they proceeded to Amsterdam, The Netherlands, where they each purchased a quantity of marijuana. Coming back across the border, they were stopped by German Customs and the drugs were discovered. This led to the appellant's trial. During the presentencing portion of the trial, the defense presented considerable documentary evidence attesting to the appellant's otherwise outstanding military character and performance record. In his unsworn statement, the appellant indicated the Air Force had been the focus of his life, and that service to his country had been his greatest source of pride. "I have tried to give my best to the Air Force in all things that I have attempted." He also said, "Looking back, it seems that I have thrown away everything that I've worked so hard to achieve. I just wasn't thinking. *One stupid act now threatens my whole future.*" (*Emphasis added.*)

■ In rebuttal, trial counsel offered a portion of the German Customs Office report regarding the discovery of marijuana in the appellant's car. He proffered that it contained statements that a customs official asserts the appellant made with respect to the appellant's prior involvement with drugs. Defense counsel objected on the ground of improper rebuttal, arguing that the appellant's reference to "one stupid act" related to the offense before the court, and should not be construed as a statement that the appellant had never been involved with drugs in the past. Trial counsel, citing *United States v. Strong,* 17 M.J. 263 (C.M.A.1984) and *United States v. Stark,* 17 M.J. 778 (A.F.C.M.R.1983), countered:

Your Honor, the fact that the defense has presented his [the appellant's] entire military record to this court for the obvious reason of contending that because of [an] otherwise unblemished career and this one stupid act, the court should

grant leniency with respect to the punishment imposed upon Airman Evans. The prosecution's position is that we have evidence that there was more. The defense has put it into question, and we intend to offer this evidence solely to rebut, not only the statements, but the inferences which obviously he intended this court to draw therefrom.

The military judge, without stating a basis therefor [1], overruled the defense objection. The Customs Office report was read to the court by a qualified interpreter from the base legal office. The report stated that during "informatory questioning" the appellant and one of his cohorts had been to Amsterdam before where they had used hashish and marijuana. They were not checked coming back across the border, so this time they decided to bring the drugs with them. The report was signed by a Mr. Thiel, Customs Inspector. The report is not sworn or notarized, nor is there any indication of any kind of rights advisement prior to the questioning.

It is clear that "the defense must assume responsibility not only for the specific evidence it introduces but also for the reasonable inferences which may be drawn from such evidence." *United States v. Shields,* 20 M.J. 174, 176 (C.M.A.1985); *United States v. Strong, supra.* Our law has long recognized that the Government has a right to present matters to rebut evidence of the accused's good character offered in mitigation after findings (*United States v. Strong, supra; United States v. Blau,* 5 U.S.C.M.A. 232, 17 C.M.R. 232 (1954)), in an environment where the rules of evidence are relaxed. R.C.M. 1001(c)(3) & (d). As the Court of Military Appeals stated in *Strong:* "The application of the rules of evidence at this time is within the discretion of the military judge, and the standard of review is whether he abused his discretion." *Id.* at 266.

While we perhaps would have ruled otherwise, we cannot say that, on the record before us, there was an abuse of discretion in the military judge's ruling as far as the content of the rebuttal evidence in question is concerned.

■ However, the form in which it was admitted is another matter. It is hearsay for which we find no recognized exception under the rules of evidence. *See* Mil.R. Evid. 803, 804. The provisions under the relaxed rule state that matters presented may include "letters, affidavits, certificates of military and civil officers, and other writings of *similar authenticity and reliability.*" R.C.M. 1001(c)(3). We decline to extend the rule to unsworn statements contained in reports by law enforcement agencies when the declarant is not available to testify. *See United States v. Kinman,* 25 M.J. 99 (C.M.A.1987), also a judge alone trial, where the court found the admission of evidence of other uncharged sex offenses (the victim's pretrial statement given to the Air Force Office of Special Investigations) during the sentencing phase of the trial to be prejudicial error; *United States v. Fisher,* 21 M.J. 327 (C.M.A.1986).

■ Here, trial defense counsel did not enter a hearsay objection despite the military judge's inquiry as to whether he had any other basis for the objection. Normally, this would waive the error. R.C.M. 801(g); Mil.R.Evid. 103a. However, under the circumstances present in this case we find good cause exists for not applying waiver. To preclude any possibility of prejudice we will reassess the sentence.

While the case was under review before us, and pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), the appellant asserted one error. We find it to be without merit. *United States v. Scott,* 24 M.J. 186 (C.M.A.1987); *United States v. Stark,* 17 M.J. 778 (A.F.C.M.R.1983).

■ We have examined the record of trial, the assignment of error and the

---

1. We certainly encourage, in fact implore, military judges to make special findings, or at least provide a rationale on the record for their rulings, when evidentiary questions such as the one in this case arise. *See* S. Saltzburg, L. Schinasi & D. Schlueter, *Military Rules of Evidence Manual,* 344–45 (2d Ed. 1986).

government's reply thereto and have concluded that the findings are correct in law and fact. Reassessing the sentence, we find appropriate and approve only so much of the sentence as provides for a bad conduct discharge, confinement for two months and reduction to airman basic. We are convinced that this sentence is no greater than would have been adjudged if the German Customs report had not been admitted into evidence. Accordingly, the findings and sentence, as modified herein, are

AFFIRMED.

Senior Judge SESSOMS and Judge LEWIS concur.