**UNITED STATES, Appellant,**

v.

**Jimmy D. EVANS, Senior Airman, U.S.
Air Force, Appellee.**

**No. 60,023.
ACM S27681.**

U.S. Court of Military Appeals.

April 28, 1989.

For the United States: *Major Jeffrey H.
Curtis* (argued); *Colonel Joe R. Lamport*
and *Lieutenant Colonel Morris A. Tan-
ner, Jr.* (on brief); *Lieutenant Colonel
Robert E. Giovagnoni.*

For the Accused: *Major Charles E.
Ambrose, Jr.*, USAFR (argued); *Colonel
Leo L. Sergi* and *Major Mark R. Bell* (on
brief).

## OPINION

COX, Judge:

The Judge Advocate General of the Air
Force certified the following two issues for
our review pursuant to Article 67(b)(2),
Uniform Code of Military Justice, 10 USC
§ 867(b)(2):

## I

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED AS A MATTER OF LAW BY HOLDING THE GERMAN CUSTOMS OFFICER'S STATEMENT WAS INADMISSIBLE HEARSAY WHEN OFFERED IN REBUTTAL DURING SENTENCING.

## II

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED AS A MATTER OF LAW BY HOLDING TRIAL DEFENSE COUNSEL'S FAILURE TO OBJECT TO THE CUSTOMS OFFICER'S STATEMENT ON HEARSAY GROUNDS DID NOT CONSTITUTE WAIVER, AND CONSEQUENTLY, DID NOT TEST FOR PLAIN ERROR.

A military judge sitting alone as a special court-martial received Evans' guilty pleas and convicted him of possession of marijuana, in violation of Article 112a, UCMJ, 10 USC § 912a. The military judge imposed a sentence of a bad-conduct discharge, 2 months' confinement, forfeiture of $250.00 pay per month for 6 months, and reduction to airman basic. The Court of Military Review affirmed the conviction, but reassessed the sentence, setting aside the forfeitures. 25 MJ 859 (1988).

The issues before us derive from the Court of Military Review's *sua sponte* determination that the Government's presentation of a signed statement by a German Customs Inspector as rebuttal during the sentencing portion of Evans' court-martial violated the hearsay rules and fell outside the provisions of RCM 1001(c)(3), Manual for Courts–Martial, United States, 1984. That rule states: "The military judge may, with respect to matters in extenuation or mitigation or both, relax the rules of evidence. This may include admitting letters, affidavits, certificates of military and civil officers, and other writings of similar authenticity and reliability." The military judge clearly did that in this case, admitting various letters of appreciation into evidence during extenuation and mitigation.

The rules for sentencing further provide that, "[i]f the Military Rules of Evidence were relaxed under subsection (c)(3) of this rule, they may be relaxed during rebuttal and surrebuttal to the same degree." RCM 1001(d).

In addressing the signed statement of the Customs Inspector, the Court of Military Review stated:

While we perhaps would have ruled otherwise, we cannot say that, on the record before us, there was an abuse of discretion in the military judge's ruling as far as the content of the rebuttal evidence in question is concerned.

However, the form in which it was admitted is another matter. It is hearsay for which we find no recognized exception under the rules of evidence. *See* Mil. R. Evid. 803, 804. The provisions under the relaxed rule state that matters presented may include "letters, affidavits, certificates of military and civil officers, and other writings of *similar authenticity and reliability*." R.C.M. 1001(c)(3). We decline to extend the rule to unsworn statements contained in reports by law enforcement agencies when the declarant is not available to testify. *See United States v. Kinman*, 25 M.J. 99 (C.M.A.1987). . . .

Here, trial defense counsel did not enter a hearsay objection despite the military judge's inquiry as to whether he had any other basis for the objection. Normally, this would waive the error. R.C.M. 801(g); Mil. R. Evid. 103a. However, under the circumstances present in this case we find good cause exists for not applying waiver. To preclude any possibility of prejudice we will reassess the sentence.

25 MJ at 861.

The Air Force court's reliance on *United States v. Kinman, supra,* to support their position that the evidence was precluded because of improper *form* is misplaced. The *Kinman* opinion addressed questions of relevance and the lower court's application of the Mil.R. Evid. 403 balancing test. In that opinion, we specifically noted that

the question of whether the evidence was "impermissible hearsay" was not considered by the court below. *See* 25 MJ at 100 n.1.

■ Under the relaxed rules permitted by RCM 1001(c)(3), the question of the suitability of the "form" in which the evidence is presented focuses on its "authenticity and reliability"—neither of which was attacked by the defense in this case. The court below erred as a matter of law in ruling that the Customs Officer's signed statement was inadmissible *per se* as a matter of form. Had they based their decision upon a finding that the form of this statement was, in this case, unreliable or of questionable authenticity as a matter of fact, it would be possible to uphold their determination.

■ In addressing the second certified issue, we again cite the Court of Military Review's congressional charter to "affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Art. 66(c), UCMJ, 10 USC § 866(c). Accordingly, the Court of Military Review may properly refuse to apply the doctrine of waiver in the exercise of this statutory authority. *See United States v. Britton*, 26 MJ 24 (CMA 1988). We stated in *Britton* that, "while it is the general rule that failure to make a timely motion at trial *may* estop one from raising the issue on appeal, failure to raise the issue does not preclude the Court of Military Review in the exercise of its powers from granting relief." *Id.* at 27.

Because the sentence after reassessment was basically left intact, we see no reason to disturb the action of the court below.

The decision of the United States Air Force Court of Military Review is affirmed.

EVERETT, Chief Judge (concurring in part and dissenting in part):

I agree that the Court of Military Review had the authority to relieve the accused from the effects of the waiver, if any waiver occurred at trial.

I do not agree, however, that, under RCM 1001(d) and 1001(c)(3), Manual for Courts–Martial, United States, 1984, the military judge properly allowed reception of the evidence. In the first place, the defense objection lodged at trial was proper, since the evidence offered by the accused in extenuation and mitigation did not open the door for introduction of government evidence of prior misconduct. As we pointed out in United States v. Wingart, 27 MJ 128, 134 (CMA 1988), "[T]he relaxation contemplated by RCM 1001(c)(3), and, derivatively, by RCM 1001(d) concerns 'authenticity and reliability,' rather than the scope of the evidence to be admitted." Secondly, the statement—which was in German and offered through a translator—and which concerned a German customs official's recitation of what Evans purportedly had said to the official during an interview—was not of the same "authenticity and reliability" as the evidence offered by the defense in extenuation and mitigation. If the evidence of prior drug involvement were to be offered, it should have been through live testimony.

Accordingly, I concur in affirming the decision below, but I dissent from the holding that the court below erred in deciding the evidentiary issue.

SULLIVAN, Judge (concurring in part and dissenting in part):

Defense counsel's sole objection at trial to this evidence was that it exceeded the scope of proper rebuttal. The Court of Military Review nevertheless found good cause for entertaining at the appellate level hearsay objections to admission of this evidence. It did not delineate what this good cause was. I can find none and therefore would affirm the entire adjudged sentence on a waiver theory. See Mil. R. Evid. 103(a)(1), Manual for Courts–Martial, United States, 1984. See generally United States v. Britton, 26 MJ 24, 27 (CMA 1988) (Sullivan, J., dissenting).