**UNITED STATES**

v.

**Anthony QUIROZ, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 98 01864.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 2 Sept. 1998.

Decided 29 Oct. 1999.

LCDR Michael J. Wentworth, JAGC, USN, Appellate Defense Counsel.

LT Timothy E. Curley, JAGC, USNR, Appellate Government Counsel.

Before DeCICCO, Chief Judge, TROIDL, Senior Judge, and ANDERSON, Appellate Military Judge.

DeCICCO, Chief Judge:

In accordance with his guilty pleas, Private First Class Quiroz was convicted by a gener-

al court-martial of conspiring to wrongfully dispose of U.S. Government property (1.25 pounds of M112 Demolition Charge [C–4]), wrongfully selling the C–4, and of two specifications of violating Section 842(h) of Title 18, U.S. Code, by first unlawfully receiving the stolen C–4, and then by unlawfully possessing, storing, transporting and/or selling the stolen C–4, in violation of Articles 81, 108 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 908, and 934 (1994). He was also convicted, in accordance with his pleas, of possessing marijuana seeds, manufacturing marijuana, and possessing marijuana plants in violation of Article 112a, UCMJ. The military judge sentenced him to be discharged with a dishonorable discharge, to be confined for 10 years, to forfeit all pay and allowances, and to be reduced to pay grade E–1. The convening authority approved the sentence and, in accordance with the pretrial agreement, suspended all confinement in excess of 48 months.

The appellant raises six issues in this appeal. In the first four, he raises arguments concerning unreasonable multiplication of charges and multiplicity. In the last two, he argues that his guilty pleas to the two specifications under Article 134, UCMJ, are improvident and that his sentence is inappropriately severe. Having examined the record of trial, the appellant's assignments of error, and the Government's response, we conclude that the appellant's conviction of selling C–4 included in both the specification under Charge II and specification 2 of Charge IV constitutes an unreasonable multiplication of charges. We also conclude that specification 3 of Charge III (possession of marijuana plants) is multiplicious with specification 2 of Charge III (manufacture of marijuana). As a result, we have reassessed the appellant's sentence. In all other respects, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the appellant's substantial rights was committed. Arts. 59(a) and 66(c), UCMJ.

## Unreasonable Multiplication of Charges for the C–4 Offenses

At trial, the appellant entered unconditional guilty pleas to all of the charges and specifications. Although he made no motions prior to entering his pleas, he did argue after findings and before sentencing that the specification under Charge I (conspiracy with Corporal Harris to dispose of the C–4) and Charge IV, specification 1 (violation of Title 18 by unlawfully receiving stolen C–4) were multiplicious for sentencing. He made the same argument concerning Charge II (wrongful sale of the C–4 to Private Hallbert) and Charge IV, specification 2 (violation of Title 18 by unlawfully possessing, storing, transporting, and/or selling stolen C–4). The military judge, however, found these charges and specifications separate for both findings and sentencing purposes. He determined the maximum sentence to confinement for all of the offenses before the court-martial was 49 years.

The appellant now argues in the first assignment of error that the specification under Charge I and Charge IV, specification 1 constitute an unreasonable multiplication of charges. In the second assignment of error, he also argues that the specification under Charge II and Charge IV, specification 2 constitute an unreasonable multiplication of charges.

We have recently held that a claim based upon an unreasonable multiplication of charges[1] is conceptually different from a claim of multiplicity. *United States v. Joyce,* 50 M.J. 567 (N.M.Ct.Crim.App.1999). While the latter deals with the analysis of the statutes themselves, their elements and the intent of Congress, the former involves equitable considerations unique to military law. *United States v. Erby,* 46 M.J. 649 (A.F.Ct. Crim.App.1997).

In the case at bar, the appellant did not request relief at trial because of an unreasonable multiplication of charges, but rather because of multiplicity for sentencing. Because these arguments are not the same, we must confront the question as to whether appellant

---

1. *See* Rule for Courts-Martial 307(c)(4), Manual for Courts-Martial, United States (1998 ed.), Discussion.

has waived the issue of unreasonable multiplication of charges on appeal.

Motions or objections are generally waived if not raised at trial. RULE FOR COURTS-MARTIAL 905(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.). Also, the Court of Appeals for the Armed Forces has ruled that a claim of unreasonable multiplication of charges not raised at trial will be deemed waived on appeal to that court. *United States v. Denton*, 50 M.J. 189 (1998)(summary disposition). However, our statutory charter of review as a court of criminal appeals is much broader than that of our superior court. This court is charged to "affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact, and determines, on the basis of the entire record, **should** be approved." Art. 66(c), UCMJ (emphasis added). This power has been described as an awesome, plenary, *de novo* power of review that we may use to substitute our judgment for that of the trial judge. *United States v. Cole*, 31 M.J. 270, 272 (1990). It is a clear *carte blanche* to do justice. *United States v. Claxton*, 32 M.J. 159, 162 (1991).

■ When an appellant raises the issue of unreasonable multiplication of charges for the first time on appeal, we will first determine whether to apply waiver in accordance with R.C.M. 905(e).[2] As an exception, and given our authority described above, we will not apply waiver when the "piling on" of charges is so extreme or unreasonable as to necessitate the invocation of our Article 66(c), UCMJ, equitable power to prevent material prejudice to the substantial rights of the accused and ensure a fair result, which is the objective and justification of the military justice system. *United States v. Foster*, 40 M.J. 140, 144 n. 4 (C.M.A.1994); *Joyce*, 50 M.J. at 569.

■ This court has recently decided numerous cases in which the question of unreasonable multiplication of charges has been raised. We believe it incumbent upon us in carrying out our statutory duties to provide litigants before us a framework for analysis in applying the exception noted above. Accordingly, the following are factors that we will consider:

Is each specification aimed at distinctly separate criminal acts?

Does the number of specifications misrepresent or exaggerate the appellant's criminality?

Does the number of specifications *unfairly increase the appellant's punitive exposure?*

Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

While these factors constitute a guide for examining whether the charges have been unreasonably multiplied, we do not intend this list to be all-inclusive. Particular facts in individual cases may also be relevant.

■ With one exception, we do not find the charges at issue in the first two assignments of error to justify relief under Article 66(c), UCMJ. The exception is that the specification under Charge II alleged wrongful disposition of military property by **selling** the C–4 to Private Hallbert. Specification 2 of Charge IV alleged a violation of Title 18 by possessing, storing, transporting, **and/or selling** the same C–4. The appellant was therefore twice charged and convicted for selling the C–4 under two statutes under circumstances that were factually the same. We will therefore dismiss Charge II and its specification.

In other respects, the charges were not unreasonably multiplied. The specifications were aimed at distinctly separate criminal acts; they did not misrepresent or exaggerate the appellant's criminality; they did not unfairly increase his punitive exposure; and we find no evidence of prosecutorial overreaching or abuse in the drafting of the charges. In all other respects, we find no merit in these assigned errors because the appellant waived the issue by not objecting at trial to the unreasonable multiplication of charges. R.C.M. 905(e).[3]

---

2. *United States v. Evans*, 28 M.J. 74, 76 (C.M.A.1989)(service courts may refuse to apply waiver rule in exercising their unique functions under Art. 66, UCMJ).

3. We also find there was no misuse of the conspiracy charge. *See United States v. Crocker*, 18 M.J. 33, 40 (C.M.A.1984).

## Multiplicity of the Marijuana Specifications

In the third assignment of error, the appellant argues that specifications 1 and 3 of Charge III (possession of 20 marijuana seeds between 1 April 1998 and 14 July 1998 and possession of seven marijuana plants between 15 March 1998 and 14 July 1998) are multiplicious with specification 2 of Charge III (manufacture of marijuana between 1 April 1998 and 14 July 1998). The defense counsel made no motions regarding these specifications at trial.

The appellant pleaded guilty to all three specifications. During the providence inquiry, he told the military judge that he acquired 20 marijuana seeds from a friend at Waikiki. He took the seeds across the island of Oahu to his residence at Kaneohe, planted them, and ultimately cultivated seven marijuana plants. We do not know from the record exactly how long he possessed the seeds before he planted them.

■ Appellate consideration of multiplicity claims is waived by unconditional guilty pleas, except where the record shows that the challenged offenses are facially duplicative, i.e., factually the same. *United States v. Lloyd,* 46 M.J. 19 (1997). We conclude that the possession of the 20 marijuana seeds was not facially duplicative with the manufacture of marijuana, and was a discrete offense that took place before their cultivation into marijuana plants. *United States v. Neblock,* 45 M.J. 191 (1996). The appellant carried them from Waikiki to his residence, and at least for some period of time, possessed them before he planted them. He could have resold them, ingested them, or thrown them away during the time he possessed them. Therefore, specifications 1 and 2 are not facially duplicative, and the appellant has waived consideration of his multiplicity claim for those offenses.

■ On the other hand, as conceded by the Government, specification 2 (manufacture of marijuana) and specification 3 (possession of the marijuana plants) of Charge III are facially duplicative because the appellant possessed the plants while he grew them. Wrongful possession of marijuana is a lesser included offense of wrongful manufacture. MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 37d(4)(a). Consequently, we will not apply waiver in this instance and will take corrective action by dismissing specification 3 of Charge III.

## Unreasonable Multiplication of Charges for the Drug Offenses

■ Regarding the fourth assignment of error, the appellant waived consideration of the issue of unreasonable multiplication of charges pertaining to specifications 1 and 2 of Charge III by not objecting at trial and by unconditionally pleading guilty. R.C.M. 905(e). Based on the factors discussed earlier, we do not find appellate intervention under Articles 59(a) and 66(c), UCMJ, to be warranted. The possession of the seeds and their eventual cultivation were separate criminal acts. The appellant's criminality was not exaggerated. The number of specifications has not unfairly increased his punitive exposure, and there is no evidence of prosecutorial overreaching or abuse.

## Providence of Guilty Pleas

The appellant also argues that his guilty pleas to specifications 1 and 2 of Charge IV were improvident. These specifications under Article 134, UCMJ, alleged violations of Section 842(h) of Title 18, U.S. Code, by first receiving stolen C–4 and by then possessing, storing, transporting and/or selling C–4. The basis of appellant's argument is that 18 U.S.C. § 842(h) does not apply to him because the statute contains an exception for military explosives.

■ We disagree with the appellant's argument. The military exception in the statute allows the possession, storage, and transport of explosives by the military so the military can distribute and handle such materials as military needs dictate. We believe the exception applies to the military as an organization and to explosives used for legitimate military purposes. It does not apply to protect individual military members who unlawfully receive, possess, transport, and sell such dangerous material. We therefore find no substantial basis in law and fact for questioning the appellant's pleas to these of-

fenses. *United States v. Prater*, 32 M.J. 433 (C.M.A.1991).

### Sentence Appropriateness

Lastly, the appellant challenges the appropriateness of his sentence. Having considered the entire record, we find his sentence, as reassessed, to be appropriate in view of the severity of his offenses, particularly in receiving and selling stolen military explosives, growing marijuana plants, and his prior record. *United States v. Healy*, 26 M.J. 394 (C.M.A.1988); *United States v. Snelling*, 14 M.J. 267 (C.M.A.1982).

### Disposition

Accordingly, the findings of guilty to Charge II and its specification and specification 3 of Charge III are set aside and are ordered dismissed. We affirm the remaining findings. We have reassessed the sentence under the principles contained in *United States v. Cook*, 48 M.J. 434, 437–38 (1998), *United States v. Peoples*, 29 M.J. 426, 427–29 (C.M.A.1990), and *United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A.1986). We affirm only so much of the sentence as includes a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to pay grade E–1.

Senior Judge TROIDL and Judge ANDERSON concur.