**UNITED STATES**

v.

**Rodney E. SYKES, 339 58 3218, Aviation Machinist's Mate Airman Apprentice (E–2), U.S. Navy.**

**NMCM 89 1466.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 21 Feb. 1989.

Decided 26 Nov. 1990.

LT Nicholas Fitzgerald, JAGC, USNR, Appellate Defense Counsel.

LtCol John Cotter, USMCR, Appellate Defense Counsel.

Capt Michael K. Schaller, USMC, Appellate Defense Counsel.

Maj Joseph B. Gilbert, USMC, Appellate Defense Counsel.

LT John J. Mulrooney II, JAGC, USNR, Appellate Government Counsel.

Before STRICKLAND, Senior Judge, FREYER and ORR, JJ.

STRICKLAND, Senior Judge:

At a special court-martial, appellant entered, and the military judge accepted, a conditional plea of guilty to the charge of rape, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920. The military judge sitting alone sentenced appellant to confinement for five months, forfeiture of $450.00 pay per month for five months, reduction to E–1, and a bad-conduct discharge. The convening authority approved the findings and sentence, and, in consonance with the pretrial agreement, suspended all confinement in excess of ninety days. After reviewing the record of trial submitted without assignment of error, we specified the following issue:

> WHETHER THE SPECIAL COURT–MARTIAL WHICH TRIED APPELLANT LACKED JURISDICTION WHERE NO CONSENT WAS SOUGHT NOR OBTAINED FROM APPELLANT'S GENERAL COURT–MARTIAL CONVENING AUTHORITY TO REFER THE CAPITAL OFFENSE OF RAPE TO A SPECIAL COURT–MARTIAL.

In something of a role-reversal, appellate defense counsel has argued that the special court-martial had jurisdiction, while the Government has argued that the special court-martial did not. Both parties have based their arguments on the issue of whether the death penalty can be imposed for the crime of rape of an adult woman. *See generally Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977). However, we need not decide whether a rape charged under Article 120, UCMJ, can be punished by the imposition of the death penalty because resolution of that issue is not necessary to determine whether the special court-martial had the jurisdiction to hear the case at bar. Upon examination of applicable law, we find that the special court-martial lacked jurisdiction because the convening authority improperly exceed-

ed his statutory authority when he referred this case, which pursuant to para. 45e(1), Part IV, Manual for Courts–Martial (MCM), United States, 1984, is "made punishable *by the code*" (emphasis supplied) as a capital offense, to a special court-martial without the consent of the general court-martial convening authority. Rules for Courts–Martial (R.C.M.) 201(f)(2)(A) and 201(f)(2)(C)(ii), MCM, 1984.

Article 19, UCMJ, 10 U.S.C. § 819 and R.C.M. 201(f)(2)(A) both describe the jurisdictional limitation of a special court-martial. The pertinent language of R.C.M. 201(f)(2)(A), follows:

> [S]pecial courts-martial may try any person subject to the code for any noncapital offense made punishable by the code and, as provided in this rule, for capital offenses.

R.C.M. 201(f)(2)(C)(ii) contains the President's regulation that authorizes referral of a capital offense to a special court-martial when the officer exercising general court-martial jurisdiction over the accused's command so permits. Accordingly, because rape is "made punishable by the code" by death under Article 120, UCMJ, it is this status as a capital offense that determines who may refer rape to a special court-martial and not whether the death penalty may be adjudged or imposed under the Constitution, the aggravating factors of R.C.M. 1004(c)(9), or other applicable law.

In the case at bar, the Government has conceded that the convening authority failed to obtain permission from the officer exercising general court-martial jurisdiction to refer this case to a special court-martial. This usurpation of authority by the convening authority precluded the officer exercising general court-martial jurisdiction from determining whether the rape charged herein, which is "made punishable by the code" as a capital offense, should be referred to a special court-martial or a general court-martial and whether it should be referred as a capital or noncapital case, based upon his assessment of the facts and the applicability of the aggravating factors. Furthermore, the "correctness" of the convening authority's decision is of no consequence in determining that appellant's conviction cannot stand. *See United States v. Barnes*, 22 C.M.R. 439, 443 (A.C.M.R.1956). We find, therefore, that the special court-martial herein lacked jurisdiction to adjudicate the charge of rape and we hold that it was a nullity. *See United States v. Bancroft*, 3 U.S.C.M.A. 3, 11 C.M.R. 3 (1953).

For the foregoing reasons, the proceedings, findings, and sentence are invalid and the same are hereby declared void. Another trial in accordance with R.C.M. 810 may be ordered by a general court-martial convening authority.

Judges FREYER and ORR concur.