UNITED STATES, Appellant,

v.

Danny H. MOORE, Gunnery Sergeant,
U.S. Marine Corps, Appellee.

No. 64,762.

NMCM 89 1422.

U.S. Court of Military Appeals.

Argued Dec. 18, 1990.

Decided April 5, 1991.

For the Accused: *William J. Holmes, Esq.* (argued); *Lieutenant Mary Anne Razim, JAGC, USNR* (on brief).

For the United States: *Lieutenant Commander J. Richard Chema, JAGC, USN* (argued); *Commander Thomas W. Osborne, JAGC, USN.*

*Opinion of the Court*

COX, Judge:

The Judge Advocate General of the Navy ordered that this case be "sent to the Court of Military Appeals for review." Art. 67(a)(2), Uniform Code of Military Justice, 10 USC § 867(a)(2) (1989). Two questions were presented for our consideration:

I

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED IN HOLDING THAT THE MILITARY JUDGE CONVICTED THE ACCUSED OF SPECIFICATION 7 FOR RAPING THE VICTIM DURING A PERIOD OF TIME BARRED FOR PROSECUTION BY THE STATUTE OF LIMITATIONS.

   A. IN A CONTESTED CASE WHERE IT IS CLEAR THAT THE ACCUSED IS AWARE OF AND HAS SUCCESSFULLY PLEADED THE STATUTE OF LIMITATIONS ON RELATED SPECIFICATIONS, IS IT REVERSIBLE ERROR IF THE MILITARY JUDGE DOES NOT *SUA SPONTE* ADVISE THE ACCUSED ABOUT THE APPLICABILITY OF THE STATUTE TO ANOTHER SPECIFICATION ALLEGING A CONTINUING COURSE OF CONDUCT PARTLY OUTSIDE AND PARTLY INSIDE THE STATUTORY PERI-

OD EVEN THOUGH THE FACTS KNOWN BY THE MILITARY JUDGE AT ARRAIGNMENT INDICATED THE OFFENSES WERE COMMITTED WITHIN THE STATUTORY PERIOD AND THE EVIDENCE PRESENTED AT TRIAL SHOWED THE CRIME WAS COMMITTED DURING A TIME NOT BARRED BY THE STATUTE OF LIMITATIONS?

B. CAN THE ACTIONS OF THE ACCUSED AT TRIAL IN FAILING TO CHALLENGE SOME SPECIFICATIONS WHILE MOVING TO DISMISS OTHER RELATED SPECIFICATIONS AS BARRED BY THE STATUTE OF LIMITATIONS ACT AS A WAIVER OF THE STATUTE OF LIMITATIONS DEFENSE AS TO THE UNCHALLENGED SPECIFICATIONS?

C. IN A TRIAL BEFORE MILITARY JUDGE ALONE, WHAT IS THE EFFECT OF AN UNDIFFERENTIATED FINDING OF GUILTY WITH RESPECT TO A SPECIFICATION ALLEGING OFFENSES OCCURRING WITHIN A DETERMINATE TIME FRAME PARTLY WITHIN AND PARTLY OUTSIDE THE STATUTE OF LIMITATIONS?

II

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED IN HOLDING THAT THERE WAS NO EVIDENCE TO PROVE THE ESSENTIAL ELEMENT OF RAPE IN SPECIFICATION 8, I.E. THAT THE ACT OF SEXUAL INTERCOURSE WAS DONE BY FORCE AND WITHOUT CONSENT, WHEN THERE WAS EVIDENCE THAT THE ACCUSED USED HIS POSITION OF PARENTAL AUTHORITY TO COERCE AND MADE CONTINUING THREATS TO OBTAIN SUBMISSION.

Gunnery Sergeant Danny H. Moore, the accused, was charged on May 18, 1988, with 12 specifications of rape or carnal knowledge, in violation of Article 120, UCMJ, 10 USC § 920, and with one specification of committing indecent acts, in violation of Article 134, UCMJ, 10 USC § 934. The charges were received by an "officer exercising summary court-martial jurisdiction" on May 20, 1988. RCM 403, Manual for Courts–Martial, United States, 1984. The offenses were alleged to have occurred during a period of time from May 1983 to September 1985. The operative statute of limitations for the respective offenses was 3 years for rape and carnal knowledge, and 2 years for committing indecent acts.[1] Art. 43(b) and (c), UCMJ, 10 USC § 843(b) and (c).

At trial, the accused successfully moved to dismiss ten of the rape or carnal-knowledge specifications and the indecent-acts specification as being barred by the statute of limitations. Two specifications of rape survived. Specification 7 charged the accused with raping his stepdaughter, L, "on or about or between May and June 1985," and specification 8 charged him with the

---

1. The Court of Military Review (30 MJ 962, 963 n.1 (1990)) noted that the statute of limitations was changed to 5 years with an effective date of November 14, 1986. Art. 43(b)(1), Uniform Code of Military Justice, 10 USC § 843(b)(1) (Pub.L. No. 99–661, § 805(c), 100 Stat. 3816, 3908 (1986)). However, Article 43(a) as presently written (amended in 1986—100 Stat. 3908) provides: "A person charged ... with an offense punishable by death may be tried and punished at any time without limitation." *See* RCM 1004(c)(9), Manual for Courts–Martial, United States, 1984. Article 120(a), UCMJ, 10 USC § 920(a), provides:

Any person subject to this chapter who commits an act of sexual intercourse with a female not his wife, by force and without her consent, is guilty of rape and shall be *punished by death* or such other punishment as a court-martial may direct.

One might conclude, reading the two statutes together, that Congress does not intend for there to be any time limitation for trying charges of rape. The issue is not before us; thus we need not engage in the mental gymnastics necessary to untangle that legal bramble.

rape of L "on or about or between August and September 1985." The accused elected to be tried on the two specifications by military judge alone.

The case was fiercely contested, and a reading of the record of trial demonstrates a sordid break up of a military family, with numerous charges and countercharges between the parties. Indeed, the accused had been charged with adultery and sodomy only a year before these charges, but his former wife and his stepdaughter refused to go forward on the case. However, the bottom line is that the Government's case was founded upon the uncorroborated testimony of the prosecutrix, who testified as to a history of sexual activity between her and the accused.

According to the prosecutrix's testimony, the accused began molesting her by fondling her chest and genitalia when she was about 10 years of age. The episodes took place at night while her mother was away from the home working. She testified that the accused began engaging in sexual intercourse with her when she was about 13 years of age and did not cease until she became pregnant in 1985. She believed that the accused was the father of her child. The child was aborted. She did not report the offenses until almost 3 years later, at which time a hotly contested divorce action was in progress.

The accused defended himself against the charges by denying them. He further attempted to establish a motive for the stepdaughter, then 20 years of age, to lie. After hearing the evidence, the military judge found the accused guilty of the two specifications and sentenced him to be discharged from the Marine Corps with a dishonorable discharge; to be confined for 20 years; to forfeit $500.00 pay per month for 4 years; and to be reduced to pay grade E–1. In finding the accused guilty of specification 7, the rapes which were alleged to have happened "on or about or between

May and June 1985," the military judge, by substitutions and exceptions, found the accused guilty of one rape. The judge did not establish by special findings or otherwise when the one rape occurred.

Based upon the evidence presented at trial and the announced findings, it was entirely possible that the rape occurred prior to May 20, 1985, and thus was barred by the statute of limitations.

On review, the Court of Military Review made several conclusions regarding the findings as to specification 7 of Charge I. First, because, as alleged, a portion of the rape charge was barred by the statute of limitations, the military judge erred by not advising the accused, *sua sponte*, of his right to have that portion of the specification dismissed. Under prevailing case law about such advice, the accused could not be found to have made a knowing waiver of his right to have that portion dismissed. *United States v. Moore*, 30 MJ 962, 965 (NMCMR 1990). In so holding, the court relied upon *United States v. Salter*, 20 MJ 116 (CMA 1985), and *United States v. Rodgers*, 8 USCMA 226, 228, 24 CMR 36, 38 (1957).

Secondly, the court concluded that it was unable to determine when the rape occurred.[2] According to Judge Strickland:

> While the evidence of record indicates that one or more rapes occurred during the May and June of 1985 time frame, the evidence does not establish the precise date of any rape.... On the state of this record, the rape of which ... [the accused] was convicted could just as likely have occurred prior to 20 May 1985 as on or after 20 May 1985. Thus, we are unable in law or fact to affirm the finding of guilty as to Specification 7 of Charge I.

30 MJ at 966 (footnote omitted).

Regarding the allegation of rape in specification 8 of Charge I, the Court of Military Review took a different tack. Specification

---

2. We cannot help but notice that the Court of Military Review panel that decided this case was unanimous and, as is most often the case, consisted of three very able and experienced senior officers who would not reverse a case of this nature without mature reflection about the state of the evidence and the inferences to be dawn therefrom.

8 alleged that the accused raped the victim "on or about or between August and September 1985 on several occasions." The evidence of record established that the specification actually referred to one specific incident which allegedly occurred at the time the accused and his family were moving furniture into a newly purchased house. Upon consideration of the record, the court concluded:

> Under these circumstances it was incumbent upon the trial counsel to present evidence as to force and lack of consent in this particular setting. Unfortunately, the trial counsel was so occupied with establishing evidence of uncharged misconduct and evidence of the victim's credibility that he did not properly focus on the elements of the viable specifications before the court. We find that there is *insufficient evidence* on the element of force and lack of consent to allow us to sustain appellant's conviction as to Specification 8 of Charge I.

30 MJ at 967 (emphasis added; footnote omitted).

On appeal, the Government makes forceful and logical arguments to persuade us to reverse the decision of the Court of Military Review. For us to do so, however, we must determine that the court below erred as a matter of law. Art. 67(c). If the decision of a Court of Military Review is founded upon its "awesome, plenary, *de novo* power of review" mandated by Article 66(c), UCMJ, 10 USC § 866(c), then we are bound by that decision regardless whether we agree or disagree. *United States v. Cole*, 31 MJ 270, 272 (CMA 1990). Thus, the threshold question is whether the Court of Military Review committed errors of law in reaching its decision; if so, did the errors lead the court to reverse the case?

■ Turning to the threshold question, we conclude that the Court of Military Review did not err as a matter of law in reaching its decision. The court concluded that specification 7 of Charge I alleged in part that the rape may have occurred in a time period barred by the statute of limitations. Thus, relying on long-established precedents in military jurisprudence, the court deduced that the military judge had a duty, *sua sponte*, to determine if the accused's waiver of his right to dismissal of the affected portion of the specification was knowing and voluntary. *United States v. Salter, supra* at 117. Indeed, in *United States v. Evans*, 28 MJ 74 (CMA 1989), a majority of this Court recognized that a Court of Military Review can properly refuse to apply the doctrine of waiver in the exercise of its congressional charge to

> "affirm only such findings of guilty ... as it finds correct in law and fact and determines, on the basis of the entire record, should be approved."

*Id.* at 76.

In any event, our review of the record leads us to conclude that there was no knowing and voluntary waiver of the statute of limitations in this case. The accused and his counsel vigorously contested the charges clearly affected by the statute of limitations. There is no explanation in the record as to why the May 1985 portion of specification 7 of Charge I went unchallenged. The purpose of *United States v. Salter, supra*, is to make it clear in the record of trial that an accused knows he has the right to raise the statute of limitations as a bar to prosecution and that he voluntarily gives up that bar.[3]

The Government also asserts on appeal that, because there was evidence of rape not barred by the statute of limitations, the Court of Military Review erred by dismissing the Charge. The tenor of the argument is that a judge is presumed to know the law. *United States v. Montgomery*, 20 USCMA 35, 42 CMR 227 (1970). Thus, counsel reasons, if a military judge has two choices to make—one that the rape oc-

---

**3.** Sound strategy on the part of the Government might be to ask for a special finding. *I.e.,* "Did the rape occur on or after May 20, 1985? Yes or no." Contrarily, the defense might well wait and move to dismiss the Charge after findings if the Government has failed to prove *beyond a reasonable doubt* that the event occurred within the statute of limitations.

curred during a time barred by the statute of limitations and the other that the rape charge was not barred—we should presume that the military judge found the accused guilty of the non-barred conduct. Had the Court of Military Review affirmed the accused's conviction on this basis, we would have to confront the question. However, here it is clear that the Court of Military Review was engaging in its statutory duty to only "affirm" if it finds the verdict to be "correct in law and fact." 30 MJ at 967.

■ Turning to specification 8 of Charge I, the Government contends that the Court of Military Review erred because there was indeed evidence of "force" in the record. The Government makes two arguments: First, that a pretrial statement by the victim contained the following statement:

> Near my 17th birthday, around the end of AUG 85, MOORE *forced* me to have intercourse with him at our new house we were moving to in town in Jacksonville, NC.

(Emphasis added by Government.)

We can quickly dispose of this contention. This conclusory statement that the accused's stepdaughter was "forced" is inadequate as a matter of law to prove the necessary element of "lack of consent." While there is some evidentiary value to a victim's assertion that she was forced, the bottom line is "did she consent?" Para. 45c(1)(b), Part IV, Manual, *supra.*

The Government also points to the entire record to demonstrate that the lack of consent was overwhelmingly proved through its evidence of long-standing parental sexual abuse. Thus, the Government argues, "parental coercion creating constructive force to overcome any lack of consent has long been recognized as legally sufficient to prove this element," *citing United States v. Torres,* 27 MJ 867, 869 (AFCMR 1989), *pet. denied,* 30 MJ 226 (1990).

We need not decide here if the Government can establish the necessary elements of force and lack of consent by proof of long-standing sexual abuse by a parent of a child. The Court of Military Review did not conclude that there was "no evidence" of force and lack of consent; rather, it concluded that there was "insufficient evidence." Given this language, it is apparent to us that the Court of Military Review has exercised its congressional mandate and has disapproved a finding not supported by the facts of the case.[4]

Having carefully considered the questions posed by the Judge Advocate General of the Navy, we conclude that the United States Navy–Marine Corps Court of Military Review properly exercised its function to affirm only such findings as are correct

---

4. We would be remiss, however, not to point to the *entire* testimony offered by the Government to prove the facts and circumstances surrounding the rape in specification 8, Charge I:

[Questions by Trial Counsel.]
Q. And when you returned, did any of these acts of sexual intercourse occur?
A. Yes.
Q. Do you remember when such an act occurred?
A. I remember one specific time. After I returned from California my parents decided to purchase a home in the White Oak area and that was the end of August. We were moving out there and there was one night when my father and I took a load of furniture in a moving truck over to the house by ourselves and that was the last time that he ever had intercourse with me. It was at the house but no one was there.

From this scant testimony, we are urged to conclude that

(1) There was penetration of the victim's vagina by the accused;
(2) The penetration was accomplished by force;
(3) The victim did not consent.

We would have expected, as a minimum, the following questions by the prosecution.

Where in the house did you have intercourse? Describe it?
Did the accused penetrate your vagina during the act?
Did you consent to the act?
Why did you agree to it? (If applicable.)

The answers to the questions may well have established the necessary linkage to the Government's other evidence of child sexual abuse. Although barred by the statute of limitations, the military judge permitted extensive testimony concerning all of the alleged instances to prove the Government's theory of parental domination. Mil.R.Evid. 404(b), Manual, *supra.*

in law and fact. Accordingly, we answer both certified questions in the negative.

The decision of the United States Navy–Marine Corps Court of Military Review dismissing specifications 7 and 8 is affirmed.

Senior Judge EVERETT concurs.

SULLIVAN, Chief Judge (dissenting):

I would rev erse the dismissal of specifications 7 and 8 by the court below.

Case law requires us to give every favorable inference from the record of trial to the prosecution in determining sufficiency-of-evidence questions. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Hart*, 25 MJ 143 (CMA 1987), *cert. denied*, 488 U.S. 830, 109 S.Ct. 85, 102 L.Ed..2d 61 (1988). It does not require us to defer on this legal question to the combined experience of the senior officers on the Court of Military Review, no matter how able they are. *See United States v. Good*, 32 MJ 105 (CMA 1991). In light of the victim's pretrial statement and the evidence of abuse by the father over a period of years, I find the victim's testimony was legally sufficient to allow specification 8 to stand in the present case.

On the statute-of-limitations issue and specification 7, I find that there was a clear waiver in this case. The accused made successful statute-of-limitation objections on other specifications in this case. Such action clearly indicated to the military judge that the accused was aware of his "right to assert the statute of limitation in bar of trial." RCM 907(b)(2)(B), Manual for Courts–Martial, United States, 1984.