**UNITED STATES**

v.

**Benito D. GONZALES, 460–80–4200 Master–at–Arms First Class (E–6), U.S. Navy.**

**NMCM 9500066.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentenced Adjudged 31 March 1994.

Decided 20 March 1997.

LT John J. Luke, JAGC, USNR, Appellate Defense Counsel.

LCDR John R. Livingston, Jr., JAGC, USN, Appellate Government Counsel.

LT J. Russell McFarlane, JAGC, USNR, Appellate Government Counsel.

Before P.J. McLAUGHLIN, K.T. SEFTON, LARRY D. WYNNE, JJ.

McLAUGHLIN, Senior Judge:

At a general court-martial before a military judge alone, the appellant pled guilty to the rape of his then–6–year–old daughter, a violation of Article 120(a), Uniform Code of Military Justice, 10 U.S.C. § 920(a)(1994)[hereinafter UCMJ].[1] The appellant was sentenced to 1 year of confinement, reduction to the pay grade of E–5, and to forfeit $830.00 pay per month for 12 months. The convening authority approved the sentence, but suspended forfeiture of pay in excess of $500.00.[2] The appellant has assigned two errors to the case.[3]

■ The first assignment of error was extensively briefed and argued before the military judge at the court-martial. The offense occurred in December 1987. The charge was preferred and received by the summary court-martial convening authority on 21 October 1993. The military judge ruled that the statute of limitations did not bar trial for the rape. We agree.

Currently, and at the time of appellant's offenses and trial, the statute of limitations provides, in pertinent part, that:

(a) A person charged with . . . any offense punishable by death, may be tried and punished at any time without limitation.

(b) Except as otherwise provided in this section (article), a person charged with an offense is not liable to be tried by court-martial if the offense was committed more than five years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command.

Art. 43, UCMJ, 10 U.S.C. § 843.[4]

The punishment for rape *authorized by Congress* is that the guilty person "shall be

---

1. Although changes have been made to Article 120, UCMJ, 10 U.S.C. § 920, since the offense, they have no bearing on the appellant's case.

2. Both Government and defense briefs incorrectly state the convening authority's action as suspending forfeiture of pay in excess of $500.00 pay *per month* when actually *all* forfeiture of pay in excess of $500.00 was suspended.

3. I. THE MILITARY JUDGE ERRED WHEN HE DENIED DEFENSE COUNSEL'S MOTION TO DISMISS THE REMAINING CHARGE OF RAPE BECAUSE THE FIVE–YEAR STATUTE OF LIMITATIONS UNDER ARTICLE 43 OF THE U.C.M.J. HAD RUN.

II. APPELLANT WAS DENIED HIS RIGHT TO SPEEDY POST–TRIAL REVIEW AND SUBJECTED TO PREJUDICE IN THE FORM OF A ONE–YEAR SENTENCE TO CONFINEMENT WHEN EIGHT MONTHS ELAPSED FROM THE DATE OF TRIAL BEFORE THE CONVENING AUTHORITY TOOK HIS ACTION AND APPROXIMATELY TWENTY–TWO MONTHS ELAPSED FROM TRIAL BEFORE THE RECORD WAS FINALLY FORWARDED TO THIS COURT FOR APPELLATE REVIEW. (Footnote omitted.)

4. Prior to 1986 the statute of limitations under the UCMJ read, in pertinent part, as follows:

(a) A person charged with desertion or absence without leave in time of war, or with aiding the enemy, mutiny, or murder, may be tried and punished at any time without limitation.

(b) Except as otherwise provided in this article, a person charged with desertion in time of

punished by death or such other punishment as a court-martial may direct." Art. 120(a), UCMJ, 10 U.S.C. § 920(a).

We decline the invitation of the defense to apply a hypothetical constitutional analysis "and decide whether this particular Article 120(a) offense would subject appellant to a sentence 'punishable by death.'" Appellant's Brief at 6; *see United States v. Sykes,* 32 M.J. 791 (N.M.C.M.R.1990). We decide this case irrespective of the effect, if any, of *Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977)(holding that *imposing* the death penalty for the unaggravated rape of an adult is unconstitutional) on military justice practice. Article 120(a), UCMJ, 10 U.S.C. 920(a), provides that any rape is *punishable* by death. We conclude that the actual availability of *imposition* of the death penalty is not relevant to validation of the statute of limitations established by Congress for offenses made punishable by death by Congress. *Sykes,* 32 M.J. at 792.

The statute of limitations is a substantive right of the appellant that, if not properly waived, bars trial. *United States v. Troxell,* 12 U.S.C.M.A. 6, 30 C.M.R. 6, 1960 WL 4619 (1960). As such, it is substantive law. *United States v. Wesley,* 19 M.J. 534, 537 (N.M.C.M.R.1984). In that regard, we note that while the President may limit punishments for offenses and establish procedures by which punishments may by adjudged, under Articles 36 and 56, UCMJ, 10 U.S.C. §§ 836, 856, not even the President can alter substantive law. *See Ellis v. Jacob,* 26 M.J. 90, 92–93 (C.M.A.1988). Therefore, the President cannot affect the statute of limitations by lawfully limiting the actual availability of the death penalty to aiding the enemy, some

espionage offenses, some murders, or to narrowly defined instances of rape.[5] Similarly, the President's subordinates, such as the convening authority in the appellant's case, cannot change the legislatively mandated statute of limitation for a case in which "a person [is] charged with ... any offense punishable by death," by referring the case as noncapital or to a special court-martial, which can never adjudge the death penalty. Art. 43(a), UCMJ; 10 U.S.C. § 843(a). We conclude that the expansive language of Congress, adopting a change to the statute of limitations in 1986, which substituted the phrase "charged with ... any offense punishable by death ...." for the then-existing list of specifically enumerated charges, expresses the intent of Congress that any offense for which the Congress has authorized the death penalty "may be tried and punished at any time without limitation." *Id.*

If a charge is preferred that is "punishable by death," and that charge is ultimately referred to a court-martial, there is no statute of limitations bar to trial. This is true even if the charge is referred with an instruction that it be tried as a noncapital case or to a special court-martial.[6] *See United States v. Moore,* 32 M.J. 170, 171 n. 1 (C.M.A.1991).

The second assignment of error is also without merit. The appellant has not presented evidence of demonstrable prejudice as required by law for relief. *See United States v. Jenkins,* 38 M.J. 287 (C.M.A.1993); *United States v. Dupree,* 37 M.J. 1089 (N.M.C.M.R. 1993); *United States v. Dunbar,* 28 M.J. 972, 980 n. 5 (N.M.C.M.R.1989).

---

peace or of any offenses punishable under articles 119–132 is not liable to be tried by court-martial if the offense was committed more than three years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command.

Art. 43, UCMJ, 10 U.S.C. § 843 (1982).

**5.** See R.C.M. 1004, Capital cases, for the procedures in courts-martial in which the death penalty may be adjudged.

**6.** We note that in the jurisdictional portions of the UCMJ, i.e., Articles 17, 18, 19, and 20, 10

U.S.C. §§ 817, 818, 819, and 820, cases in which the charge may be punished by death are referred to as capital cases. Capital cases are commonly tried at general court-martial, but can be tried at special courtmartial under proper circumstances. *See* Art. 19, UCMJ, 10 U.S.C. § 819 (capital cases may be tried at special court-martial if permitted by President); R.C.M. 201(f)(2)(C)(ii), (iii) (general court-martial convening authority may permit trial at special court-martial for capital offense); *Sykes,* 32 M.J. at 792 (holding that a special court-martial for rape held without the permission of a general court-martial convening authority was without jurisdiction).

Accordingly, the findings of guilty and the sentence, as approved on review below, are affirmed.

SEFTON and WYNNE, JJ., concur.