**David M. HICKS, Appellant**

v.

**UNITED STATES of America, Appellee.**

**CMCR 13–004.**

United States Court of Military Commission Review.

Feb. 18, 2015.

Colonel Ralph H. Kohlmann, U.S. Marine Corps, military commission judge.

Baher Azmy, J. Wells Dixon, Shayana D. Kadidal, and Susan Hu, Center for Constitutional Rights; Joseph Margulies, Cornell Law School; Samuel T. Morison,

and Major Justin Swick, JA, U.S. Air Force, on briefs for Appellant.

Brigadier General Mark S. Martins, JA, U.S. Army; Captain Edward S. White, JAGC, U.S. Navy; Marc A. Wallenstein, and Danielle S. Tarin, on briefs for Appellee.

Before the Court KRAUSS, Chief Judge, SILLIMAN, Deputy Chief Judge, and WEBER, Appellate Judge.

## PUBLISHED OPINION OF THE COURT

SILLIMAN, Deputy Chief Judge:

Appellant urges us to set aside his guilty plea to providing material support to terrorism, in violation of 10 U.S.C. § 950v(b)(25) (2006), and the sentence based on *Al Bahlul v. United States,* 767 F.3d 1 (D.C.Cir.2014) (en banc). Appellant asks that we find his waiver of his right to appellate review ineffective, and asserts that once we determine this case is properly before us, *Al Bahlul* dictates the outcome in his case.

Appellee counters that appellant's waiver of his right to appeal is a jurisdictional bar to our review of his case, and in the alternative, the government is entitled to specific performance of his pretrial agreement. Appellee's Response to Specified Issue 1–5. Should the Court reject these two contentions and review appellant's case, the appellee concedes that the Court should decline to affirm the findings and sentence. Appellee's Response to Specified Issue 5–6 (citing *Al Bahlul,* 767 F.3d at 29).

We agree with appellant and set aside the findings and sentence.

## Statement of Facts [1]

Appellant was born in 1975 in Australia. Stipulation of Fact (SF) ¶ 4. In November 1999, Appellant traveled to Pakistan, and in the middle of 2000, he joined Lashkar-e Tayyiba (LET), which the United States designated as a Foreign Terrorist Organization on December 26, 2001, pursuant to Section 219 of the Immigration and Nationality Act. SF ¶ 6. Appellant received two months of military training at an LET camp in Pakistan, and then joined an attack on "Indian forces by firing a machine gun at an Indian Army bunker." SF ¶¶ 12–13.

In January 2001, appellant traveled to Afghanistan with LET's assistance to attend al Qaeda training camps. SF ¶ 26. He received basic military and guerilla warfare training at al Qaeda's al Farouq camp, which is near Kandahar, Afghanistan. SF ¶¶ 28–29. Appellant met Usama bin Laden at al Farouq camp. SF ¶ 30. In June and August 2001, appellant received military training at Tarnak Farm in Afghanistan and surveillance training in Kabul, Afghanistan. SF ¶¶ 32–33. Appellant was in Pakistan visiting a friend on September 11, 2001, and they watched television coverage of the attacks on the United States on that day. SF ¶ 35.

In September 2001, appellant returned to Afghanistan, and in late September 2001, he joined a group of al Qaeda and Taliban fighters near the Kandahar Airport. SF ¶¶ 36–39. He was armed with an AK–47 assault rifle, 300 rounds of ammunition, and three grenades. SF ¶ 38. For about a week, appellant guarded a Taliban tank outside the Kandahar Airport. SF ¶ 40.

---

1. The parties at appellant's military commission agreed and stipulated to facts in support of his guilty plea. This statement of facts is taken from his stipulation of fact. Prosecution Exhibit 1.

In November 2001, appellant brought his AK–47 and ammunition to Konduz, Afghanistan where he went to the front lines outside the city to join the ongoing fighting against Coalition forces. SF ¶ 45. However, Coalition forces overran the al Qaeda and Taliban positions. *Id.* Appellant sold his AK–47 and used the funds to pay for a taxi in an attempt to flee to Pakistan. SF ¶¶ 48–49. In December 2001, the Northern Alliance captured appellant in Baghlan, Afghanistan. SF ¶ 49. Appellant was transferred to U.S. control on December 15, 2001. SF ¶ 50.

Appellant acknowledged that "he is an alien unlawful enemy combatant, as defined in the Military Commissions Act of 2006," Pub.L. No. 109–366, 120 Stat. 2600 (2006), codified at 10 U.S.C. §§ 948a–950w, which governed appellant's trial by military commission. 10 U.S.C. § 948a(1) and (3) (2006). SF ¶ 2. Appellant further "acknowledge[d] that he has never been the victim of any illegal treatment at the hands of any personnel while in the custody or control of the United States." SF ¶ 50.

## Procedural History

On March 30, 2007, appellant pleaded guilty to Specification 1 of the Charge, providing material support "from in or about December 2000 through in or about December 2001, ... to an international terrorist organization engaged in hostilities against the United States, namely al Qaeda, which the accused knew to be such an organization that engaged, or engages in terrorism" in violation of 10 U.S.C. § 950v(b)(25).

Appellant was sentenced to confinement for seven years. Tr. 245. In accordance with appellant's pretrial agreement, on May 1, 2007, the convening authority suspended all confinement in excess of nine months. A306. On November 5, 2013, appellant filed an appeal with our Court citing 10 U.S.C. §§ 950c(a) and 950f(c) as the jurisdictional basis for our review. Appellant's November 5, 2013 Brief 1. Appellant argued his waiver of appellate rights filed at trial was "irrelevant as a matter of law" because it was not filed within 10 days after notice of the convening authority's action. *Id.* at 5 n. 6. We ordered the parties to simultaneously brief the issue of the efficacy of appellant's waiver of appellate review.

## Waiver of Appeal

Appellant's waiver of his right to appeal was negotiated and accepted by appellant, his counsel, and the convening authority before trial as part of his pretrial agreement. AE 27 at ¶ 4. The military commission judge discussed his waiver on the record with appellant during his providence inquiry. Tr. 140–42. Six years after he received the sentence-limitation benefit of that pretrial agreement, appellant asks us to set aside his appellate waiver because: he did not resubmit it within 10 days after the convening authority took action on his case; the military commission lacked jurisdiction over appellant's charged offense of providing material support to terrorism; and appellant's guilty plea was involuntary. After determining that we have jurisdiction to decide the validity of his waiver of his right to appeal, we conclude that his waiver is not effective and appellant's appeal is properly before this Court for our review.

## Appellant's Pretrial Agreement and Providence Inquiry

On March 26, 2007, appellant, his defense counsel, and the convening authority each signed a pretrial agreement. AE 27. Appellant offered to plead guilty to the Charge and Specification 1, alleging that appellant provided material support to a terrorist organization. Appellant's written offer to plead guilty also stated:

In exchange for the undertakings made by the United States in entering this Pretrial Agreement, I voluntarily and expressly waive all rights to appeal or collaterally attack my conviction, sentence, or any other matter relating to this prosecution whether such a right to appeal or collateral attack arises under the Military Commission Act of 2006, or any other provision of the United States or Australian law.

AE 27 ¶ 4.

During the providence inquiry, appellant reiterated his agreement with this provision in his pretrial agreement. Tr. 140–41. In return for appellant's waiver of his rights, including his appellate rights, the convening authority agreed that she would: dismiss Specification 2 of the Charge with prejudice; not present evidence in aggravation during sentencing; not approve a sentence of confinement greater than seven years; suspend confinement in excess of nine months; and "transfer custody and control of the Accused to the Government of Australia by not later than sixty (60) days from the date upon which the sentence is announced." AE 27, app. A.

## Timing of Submission of the Waiver of Appellate Rights

After the members adjudged Hicks' sentence, the military commission judge briefly discussed completion of the appellate waiver form with the prosecutor, appellant, and appellant's counsel. Tr. 248–49. Appellant signed the appellate waiver form, and the prosecutor agreed that completion of the appellate waiver form met the requirements of R.M.C. 1110.[2] Tr. 249.

On May 1, 2007, the convening authority took action on appellant's case, approving the sentence of seven years confinement and suspending "that part of the sentence extending in excess of nine months." A306. On May 2, 2007, notice of the convening authority's action was served on appellant. Appellee's December 19, 2013 Brief 10 (citing A302). The convening authority's action explicitly indicated appellant had waived his right to appeal as part of his pretrial agreement. A306–A307. Appellant did not re-file the waiver of appeal within 10 days after action, as required by 10 U.S.C. § 950c(b)(3) (2006), but the convening authority gave appellant notice that she was relying on his previously-filed waiver. A301; A302; A306. In accordance with appellant's pretrial agreement, appellant was transferred to Australia on May 20, 2007. Appellee's December 19, 2013 Brief 10 (citation omitted); A311. Appellant filed his appeal on November 5, 2013.

## Jurisdiction to Decide the Validity of Appellant's Waiver

■ Although appellant has the burden of establishing that we have subject matter jurisdiction over his appeal, (see Khadr v. United States, 529 F.3d 1112, 1115 (D.C.Cir.2008)), the parties agree that we have jurisdiction to decide whether our Court has jurisdiction to determine whether Hicks' appeal waiver was valid. Appellant's December 19, 2013 Brief 5–8; Appellee's January 10, 2014 Responsive Brief 7. We agree with the parties that we have authority to determine the scope and enforceability of appellant's waiver of his appeal. See United States v. Laslie, 716

---

2. Manual for Military Commissions (Jan. 18, 2007), Rule for Military Commission (R.M.C.) 1110(f)(1) ("Waiver. The accused may sign a waiver of appellate review at any time after the sentence is announced. The waiver must be filed within 10 days after the accused or defense counsel is served with a copy of the action under R.M.C. 1107(h). Upon written application of the accused, the convening authority may extend this period for good cause, by not more than 30 days.").

F.3d 612, 616 (D.C.Cir.2013) (waiver of right to appeal sentence was enforceable); *In re Sealed Case*, 702 F.3d 59, 63–67 (D.C.Cir.2012); *United States v. Accardi*, 669 F.3d 340, 344 (D.C.Cir.2012) (waiver of right to appeal sentence not enforceable); *United States v. Hahn*, 359 F.3d 1315, 1324–28 (10th Cir.2004) (en banc).

### Standard of Review

■ We review *de novo* whether an appellate waiver is enforceable. *See United States v. Guillen*, 561 F.3d 527, 531 (D.C.Cir.2009) (citing *United States v. Cunningham*, 145 F.3d 1385, 1392 (D.C.Cir.1998)). Appellate waivers are presumptively valid and enforceable when part of a pretrial agreement and when the defendant's "decision is knowing, intelligent, and voluntary." *Guillen*, 561 F.3d at 529 (listing cases from other circuits). *See also In re Sealed Case*, 702 F.3d at 63; *United States v. McGraw*, 571 F.3d 624, 630 (7th Cir.2009).

### Failure to Submit Appellate Waiver After the Convening Authority's Action

The record plainly demonstrates that appellant's initial waiver of his right to appellate review was knowing, intelligent, and voluntary. He received a favorable pretrial agreement in return for his concessions in the pretrial agreement, and his discussion with the military judge provides no reason to doubt that appellant's willingness to waive appellate review was a free and knowing act.

■ However, we consider whether appellant's failure to resubmit his appellate waiver within 10 days after the convening authority provided notice of action invalidated his appellate waiver. The 2006 MCA § 950c provides:

(a) AUTOMATIC REFERRAL FOR APPELLATE REVIEW.—Except as provided under subsection (b), in each case in which the final decision of a military commission (as approved by the convening authority) includes a finding of guilty, the convening authority shall refer the case to the Court of Military Commission Review. Any such referral shall be made in accordance with procedures prescribed under regulations of the Secretary.

(b) WAIVER OF RIGHT OF REVIEW.—(1) In each case subject to appellate review under section 950f of this title, except a case in which the sentence as approved under section 950b of this title extends to death, the accused may file with the convening authority a statement expressly waiving the right of the accused to such review.

(2) A waiver under paragraph (1) shall be signed by both the accused and a defense counsel.

(3) A waiver under paragraph (1) must be filed, if at all, within 10 days after notice of the action is served on the accused or on defense counsel under section 950b(c)(4) of this title. The convening authority, for good cause, may extend the period for such filing by not more than 30 days.

(c) WITHDRAWAL OF APPEAL.—Except in a case in which the sentence as approved under section 950b of this title extends to death, the accused may withdraw an appeal at any time.

(d) EFFECT OF WAIVER OR WITHDRAWAL.—A waiver of the right to appellate review or the withdrawal of an appeal under this section bars review under section 950f of this title.

The Military Commissions Act of 2009 retained 10 U.S.C. § 950c without change in 10 U.S.C. § 950c. *See* Pub.L. No. 111–84, §§ 1801–07, 123 Stat. 2190, 2574–2614 (codified at 10 U.S.C. §§ 948a–950t). Section 950(c) is essentially the same as the

appellate waiver provision for courts-martial in 10 U.S.C. § 861, Article 61, Uniform Code of Military Justice (UCMJ).

We look first to the decisions of the Court of Appeals for the Armed Forces (CAAF) and the respective service Courts of Criminal Appeals for instructive, non-binding precedent on the enforceability of appellant's waiver of appeal. *See* 10 U.S.C. § 948b(c) (2009).

CAAF has consistently held that waiver of appellate rights submitted prior to the convening authority's action is invalid, unless "the record demonstrates a serious, rational, and informed discussion between the accused and defense counsel after the convening authority's action, but before the filing of the waiver." *United States v. Miller*, 62 M.J. 471, 474 (CAAF 2006); *United States v. Hernandez*, 33 M.J. 145, 149 (C.M.A.1991). In *Miller*, CAAF held that in some instances, a document signed before the convening authority's action may serve to demonstrate a provident waiver of appellate review, but CAAF did so in a much different context, where defense counsel actually submitted a waiver form immediately after action, but that waiver form had been signed before action. *Id.* at 472–73. In *Miller*, the appellant had specifically reiterated his desire to waive his appellate rights after the convening authority took action, a fact well documented in the record. *Id.* at 473–74. Thus, CAAF held that the record provided a requisite showing of the providence of the appellant's post-action waiver. *Id.* at 474.

The instant case is different from *Miller*. Here, no waiver of appellate rights was refiled with the convening authority within 10 days after notice of the action was served on him and his counsel. There is insufficient indication in the record that the appellant reiterated his desire not to appeal within ten days after the convening authority notified him of the action. Thus, we hold that the waiver was invalid and unenforceable, and appellant's appeal is properly before our Court.

■ Court-martial practice prohibits a pretrial agreement from requiring an accused to waive his rights to appellate review, while military commissions practice contains no such prohibition. *Compare* R.C.M. 705(c)(1)(B) with R.M.C. 705(c)(1). We are aware that by holding an accused's waiver of the right to appellate review is not effective if not filed within 10 days after notice of action, the convening authority may be left with little to no way to effectively ensure an accused complies with a promise to waive appellate review. However, precedent in court-martial practice is clear that "Congress has provided a narrow window in which an accused may waive appellate review in non-capital cases." *Miller*, 62 M.J. at 472. Requiring a similar narrow window for waivers of appellate review in military commissions practice may undercut the effectiveness of such pretrial agreement terms, but we presume Congress mirrored the 10–day window in court-martial practice for a reason, and it is not this Court's role to disregard Congress' clear direction.[3]

3. We agree with Chief Judge Krauss that the 10–day post-action requirement for filing a waiver of appeal in MCA § 950c(b)(3) (2006) does not address the use of appellate waivers as a pretrial agreement provision in R.M.C. 705(c)(2)(E) (2007, 2010, 2012). However, we decline to join with him in declaring R.M.C. 705(c)(2)(E) to be inconsistent or incompatible with MCA § 950c(b)(3) (2006).

The Secretary of Defense in consultation with the Attorney General has discretion to establish "[p]retrial, trial, and post-trial procedures." MCA § 949a(a) (2006). "Such procedures shall, *so far as the Secretary considers practicable or consistent with military or intelligence activities,* apply the principles of law and the rules of evidence in trial by general courts-martial." *Id.* (emphasis added). Ap-

■ The convening authority erred when she applied the premature appellate waiver. Appellant waited six years to complain about this error, and we recognize that a right "may be forfeited in criminal ... cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Al Bahlul*, 767 F.3d at 9 (internal quotation marks and citations omitted). "This fundamental principle of appellate review generally bars a party who failed to preserve an argument in a lower tribunal from raising it on appeal absent plain error or exceptional circumstances." *Id.* (citing *United States v. Atkinson*, 297 U.S. 157, 159, 56 S.Ct. 391, 80 L.Ed. 555 (1936); *Salazar ex rel. Salazar v. Dist. of Columbia*, 602 F.3d 431, 437 (D.C.Cir.2010)). Thus, by not complaining earlier of the convening authority's failure to forward his case for our review, appellant may be said to have forfeited his right to do so now.

■ However, this Court enjoys broad authority under 10 U.S.C. § 950f(d) to "affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved." [4] Section 950f(d) mirrors 10 U.S.C. § 866(c), which grants similar authority to the service Courts of Criminal Appeals. A Court of Criminal Appeals' Article 66(c), UCMJ, authority has been characterized as an "awesome, plenary *de novo* power of review." *United States v. Nerad*, 69 M.J. 138, 144 (C.A.A.F.2010) (citations omitted).

More specifically, this broad authority allows the service Courts of Criminal Appeals to not apply forfeiture or waiver of errors and instead review those matters on the merits. *United States v. Riley*, 47 M.J. 276, 279 (C.A.A.F.1997); *United States v. Lloyd*, 46 M.J. 19, 22 (C.A.A.F. 1997); *United States v. Moore*, 32 M.J. 170, 173 (C.M.A.1991); *United States v. Claxton*, 32 M.J. 159, 162 (C.M.A.1991); *United States v. Evans*, 28 M.J. 74, 76 (C.M.A.1989).

Congress was well aware of how the Courts of Criminal Appeals applied their Article 66(c) authority when 10 U.S.C. § 950f(d) was enacted in 2009. We assume in this instance that Congress wanted our Court to adopt "the previous judicial interpretations of the wording" by the service Courts of Criminal Appeals and the Court of Appeals for the Armed Forces. *See Carolene Products Co. v. United States*, 323 U.S. 18, 26, 65 S.Ct. 1, 89 L.Ed. 15 (1944). *See also* 10 U.S.C. § 948b(c) (2009). We therefore conclude that we have discretion not to apply forfeiture to the appellant's failure to earlier complain that the convening authority did not forward his case for our review. We elect to apply this broad authority in this case, and therefore hold appellant did not forfeit his right to raise his premature appellate review waiver.

Having concluded that the appellant's case is properly before us for appellate review, both parties agree that the appellant's conviction cannot stand on the

pellate waivers in guilty plea negotiations are common in U.S. District Courts. Andrew Dean, *Challenging Appeal Waivers*, 61 Buffalo L.Rev. 1191, 1197 (Dec.2013) (citations omitted). *See also* Fed.R.Crim.P. 11(b)(1)(N). Moreover there are sound policy arguments for permitting an accused to receive a benefit for waiving his appellate rights. John F. O'Connor, *Foolish Consistencies and the Ap-*

*pellate Review of Courts–Martial,* 41 Akron L.Rev. 175, 191 (2008).

4. This provision, which became effective in 2009, applies to our review of appellant's case. *United States v. Al Bahlul*, 820 F.Supp.2d 1141, 1158 (USCMCR 2011), *vacated in part, Al Bahlul v. United States*, 767 F.3d 1 (D.C.Cir.2014) (en banc).

merits. In 2014, our Superior Court determined "it was a plain ex post facto violation" to try Al Bahlul by military commission for the offense of providing material support to terrorism. *Al Bahlul*, 767 F.3d at 29. "The error is prejudicial" and the Court of Appeals for the District of Columbia Circuit "vacat[ed] Bahlul's material support conviction." *Id.* (citations omitted). We are aware that Al Bahlul's case has important differences from appellant's case, as Al Bahlul pleaded not guilty and did not waive his right to appeal his case to our Court, but those differences do not dictate a different result.

The findings of guilty are set aside and dismissed, and appellant's sentence is vacated.

Opinion for the Court filed by Deputy Chief Judge SILLIMAN, in which Judge WEBER concurs.

Chief Judge KRAUSS concurring in part and the result.

KRAUSS, Chief Judge (concurring in part and in the result).

I write separately to address the dubious validity of Rule for Military Commission (R.M.C.) 705(c)(2)(E)[5] permitting the waiver of appellate review as a term or condition of a pretrial agreement. Because appellant did not execute and deliver an appellate waiver after trial, post-action, in this case, the question is whether his pretrial waiver is valid in and of itself.

The majority here, and the parties to this litigation, struggle to reconcile R.M.C. 705 with R.M.C. 1110(f), the latter being relative to post-action submission of waiver of appellate review. The problem is that the rules are irreconcilable. They are in-

herently incompatible, and the one does not contemplate the other.

This problem is borne of the fact that Congress never intended, and the Military Commissions Act (MCA) does not contemplate waiver of appellate review as part of a pretrial agreement. Instead, exactly like the Uniform Code of Military Justice, the MCA contemplates only the possibility of post-trial, post-action waiver of appellate review.

The MCA 2006 and 2009 both contain the same statutory authority permitting post-action waiver of appellate review, § 950c. This provision effectively mirrors the present version of Article 61, UCMJ, promulgated by Congress as part of the Military Justice Act of 1983. There, Congress quite consciously limited the possibility of waiving appellate review to the post-trial process and intentionally maintained the prohibition against pretrial provisions that involved waiver of the right to appellate review. *See, e.g.,* S.Rep. No. 98–53, at 22–24 (1983).

That statutory limit was manifested through Rules for Courts–Martial (R.C.M.) 705 and 1110. The former prohibiting waiver of appellate review as a term of pretrial agreements, the latter permitting a post-trial waiver.

Fulfilling their rulemaking responsibility under MCA § 949a, successive Secretaries of Defense promulgated a Manual for Military Commissions (M.M.C.) modeled on the Manual for Courts–Martial. In both the M.M.C. that applied at the time of appellant's trial and the M.M.C. that applies now, the Secretary promulgated R.M.C. 1110 to define the process by which one convicted by military commission might waive appellate review *after* action. This rule mirrors R.C.M. 1110.

---

5. Rules for Military Commissions (R.M.C.) 705(c)(2)(E) and R.M.C. 1110(f) are un-

changed in the 2007, 2010, and 2012 versions of the Manual for Military Commissions.

The MCA generally requires that the rules for military commissions mirror the rules for courts-martial. Departure from this general requirement is permitted only if explicitly provided for in the MCA or if military or intelligence operations require otherwise. In any event, rules promulgated by the Secretary may not be contrary or inconsistent with the MCA. *See* 2006 MCA § 949a(a) and 2009 MCA § 949a(a) and (b).

Departing from the Manual for Courts–Martial (M.C.M.) and contrary to R.C.M. 705, the Secretary promulgated R.M.C. 705 permitting waiver of appellate review as part of a pretrial agreement. This departure is valid, under the 2006 MCA, only if: (1) it is not contrary to or inconsistent with the MCA, and, (2) if practicable or consistent with military or intelligence activities. 2006 MCA § 949a(a). Under MCA 2009, this provision was revised to permit exceptions to the MCA, if required by the unique circumstances of the conduct of military and intelligence operations during hostilities or by other practical need consistent with the MCA.2009 MCA § 949a(a) and (b).

The 2007, 2010, and 2012 editions of the M.M.C. are prefaced with a conclusory statement from the Secretary essentially averring that any rule therein different than that applicable at courts-martial is warranted by the practical requirements of military or intelligence operations. There is no further reason articulated that describes waiver of appellate review before trial as required by the unique circumstances of military or intelligence operations. Nor is there any explanation as to how prohibiting waiver of appellate rights before trial is somehow impracticable in the military commission. system.

Indeed, the benefits to the system enjoyed under the UCMJ would seem to be equally beneficial to the system of justice under the MCA, most· importantly, independent appellate scrutiny to encourage and verify that any plea of guilty is provident, to ensure a fair hearing on sentence and to ensure the propriety of the proceeding generally.[6] *See United States v. Jones,* 23 M.J. 305, 307 (C.M.A.1987); *United States v. Mills,* 12 M.J. 1, 4 (C.M.A.1981); *United States v. Green,* 1 M.J. 453, 456 (C.M.A.1976); Analysis to R.C.M. 705, M.C.M. (2012 Ed.) at A21–40 to A21–42; *see also United States v. Miller,* 62 M.J. 471 (C.A.A.F.2006). Never has there been any indication that the prohibition against an appellate waiver in a pretrial agreement under the UCMJ is impracticable in light of military or intelligence operations.

The amount of deference we need render the blanket practicability assessment prefatory to the M.M.C. may be an open question. *See Hamdan v. Rumsfeld,* 548 U.S. 557, 623, 126 S.Ct. 2749, 165 L.Ed.2d 723 (2006); *Id.* at 640, 126 S.Ct. 2749 (Kennedy, J., concurring in part). In any event, the provision permitting waiver of appellate review as part of a pretrial agreement in R.M.C. 705 is plainly inconsistent with the MCA. Congress essentially adopted the same appellate review waiver procedure housed in the UCMJ for purposes of military commissions. That procedure carries with it, by definition, a limit to post-action waiver only: the case must first be subject to appellate review, meaning, under the MCA, a case in which a final decision that includes a finding of guilty is approved by the convening authority, be-

---

**6.** Limiting submission of an appellate waiver until after action also permits an accused to assess the value of appeal in light of the findings and sentence actually approved by the convening authority.

fore a person tried by military commission is permitted to waive that review.

I would therefore hold that appellant's waiver under R.M.C. 705 is invalid. Otherwise I concur with the majority opinion.